IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
Kansas City Division

Otto E. Thornburgh, )
on behalf of himself and all others )
similarly situated, )
 )
    Plaintiff, )
 )
    v. ) Case No. 4:19-cv-01025-HFS
 )
Ford Motor Co., )
 )
    Defendant. )

**ORDER**

Otto E. Thornburg has filed a putative class action against Ford Motor Company ("Ford"), alleging that Ford, through its operation of the Ford Kansas City Assembly Plant ("Plant") releases odors that "invade Plaintiff's property, causing property damage through negligence, gross negligence, and nuisance." (Compl. ¶ 1.) Plaintiff seeks damages in excess of $5,000,000.00 on behalf of himself and the putative class which is defined as including "[a]ll owner/occupants and renters of residential property residing within two (2) miles of the Plant's property boundary." (Compl. ¶¶ 8, 65, 68.) Ford has filed a motion to dismiss both counts pursuant to Federal Rule 12(b)(6). (Doc. 14).

**Legal Standard.**

Defendant seeks dismissal of plaintiff's complaint for failure to state a claim upon which relief can be granted under Rule 12(b)(6). The purpose of a

1

motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. When considering a 12(b)(6) motion, the court assumes the factual allegations are true and construes them in favor of the plaintiff. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007).

Rule 8(a)(2) provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." In Twombly, the Supreme Court clarified that Rule 8(a)(2) requires complaint to contain more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. Id. at 555. Specifically, to survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is "plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 667-78 (2009). The court must accept as true only the factual allegations, not conclusions. Id.

Ford does not contest the facts as alleged by plaintiff at this stage of the proceedings. Instead, Ford argues that there is no cause of action for nuisance or negligence as a matter of law. Because there is no pending contest as to the alleged facts, facts will be discussed as necessary to resolving the motion.

A federal court sitting in diversity applies the substantive law of the state in which the court sits. Urban Hotel Dev. Co. v. President Dec. Co., L.C., 535 F.2d 874, 877 (8th Cir. 2008). The parties agree that Missouri law controls. To the

extent defendant relies on "foreign law," including trial court unreported decisions, the defense is speculative regarding Missouri law.

**I. Nuisance (Count I).**

　**1. Failure to Allege Type of Nuisance.**

Defendant first argues that Plaintiff's Nuisance claim should be dismissed for failure to specify whether the nuisance is public or private and for failure to characterize the alleged nuisance as either permanent or temporary.

**a. Public or Private Nuisance.**

In Missouri, a public nuisance is any unreasonable interference with common community rights such as the public health, safety, peace, morals, or convenience. City of Lee's Summit v. Browning, 722 S.W.2d 114, 115 ( Mo. Ct. App. 1986). In contrast, a private nuisance rests on tort liability and involves a "nontrespassory invasion of another's interest in the private use and enjoyment of land". Smith v. Republic Svs. Inc., 2017 WL 4038143, at *2 (E.D.Mo.) (citations omitted.). Both types of nuisance claims require plaintiff to show a causal link between the defendants and the alleged nuisance. Id. (*citing* City of St. Louis v. Varahi, Inc., 39 S.W.3d 531 (Mo. App. 2014)).

Defendant has not cited authority requiring plaintiff to specifically allege whether he is asserting a public or private nuisance. Nor does this distinction seem required by Missouri law as the Missouri Supreme Court has explicitly held that public and private nuisances are not "mutually exclusive approaches to an alleged nuisance factual situation." State ex rel. Dresser Industries, Inc. v.

3

Ruddy, 592 S.W.2d 789, 792 (Mo. 1980). "While distinguishable, common-law 'public' and 'private' nuisance law often are overlapping and interrelated." *Id.* "[T]he only distinguishing characteristic between a public nuisance and a private nuisance is whether damages arise from an offender's unreasonable interference with either a public community right or a private property right." Baker v. Martin Marietta Materials, Inc., 745 F.3d 919, 927-928 (8th Cir. 2014) (discussing in concurring opinion public and private nuisance claims in Missouri).

Permitting both types of nuisance to proceed as a general nuisance claim is also consistent with "mixed" nuisance theories as stated in the Restatement 2d. of Torts, § 821C, Ill. 2(e):

> "[w]hen the nuisance, in addition to interfering with the public right, also interferes with the use and enjoyment of the plaintiff's land, ***it is a private nuisance as well as a public one***. ***In this case the harm suffered by the plaintiff is of a different kind*** and he can maintain an action not only on the basis of the private nuisance itself, but also, if he chooses to do so, on the basis of the particular harm from the public nuisance.

Plaintiff alleges that Defendant's conduct unreasonably interfered with the breathable, unpolluted air in the community as well as plaintiff's private property interests at the same time. As a result, the facts allege a claim for private and public nuisance. *See also* Severa v. Solvay Specialty Polymers USA, LLC, 2021 WL 912850, at *10 (D.N.J. Mar. 10, 2021) ("when a private or public nuisance is so widespread that it affects both private and public rights, it may be actionable as either public or private or both public and private"); Beck v. Stony Hollow Landfill, Inc., 2017 WL 1551216, at * 3 (D. Ohio May 1, 2017) (rejecting argument that plaintiff must specify whether nuisance is private or public).

4

b. **Temporary or Permanent Nuisance.**

In Missouri, a nuisance can be temporary or permanent. Cook v. Desoto Fuels, Inc., 169 SW.3d 94, 106 (Mo.App. E.D. 2005). A nuisance is temporary if it is abatable; it is permanent if abatement is impactable or impossible to abate. Id.

Ford argues that plaintiff's nuisance claim should be dismissed because plaintiff does not identify whether the alleged nuisance is temporary or permanent. Although the distinction between temporary and permanent nuisance may have consequences as to the statute of limitations and measure of damages, the distinction is not necessarily required to a nuisance claim.[1] See McGuire v. Kenoma, LLC, 375 S.W.3d 157, 164 (Mo. App. W.D. 2012) ("Whether a nuisance is classified as temporary or permanent determines the proper measure of damages."). See also Cook, 169 S.W.3d at 107 (statute of limitations). "And where the nature of the cause of action is doubtful as between a temporary or permanent nuisance, courts should treat it as temporary." Cook, 169 S.W.3d at 107.

## II. Public Nuisance Claim.

In Missouri, a public nuisance is defined as "an offense against the public order and economy of the state" that "violates the public right's to life, health and the use of property, while at the same time annoys, injures, endangers renders

---

[1] In its reply brief, Ford makes the additional argument that the nuisance count fails because plaintiff does not identify the time period surrounding the alleged nuisance. However, Ford's authority on this point is misguided as it does not cite nuisance cases but cases considering class allegations. See, e.g., Eager v. Credit Bureau Collection Servs., Inc., 2014 WL 3534949, at *8 (W.D. Mich., July 16, 2014); Noll v. eBay, Inc., 2013 WL 2384250, at *4 (N.D. Cal. May 30, 2013) (granting motion to dismiss for failure to allege class periods).

5

insecure, interferes with, or obstructs the rights or property of the whole community, or neighborhood, or of any considerable number of persons." City of Greenwood v. Martin Marietta Materials, Inc., 299 S.W.3d 606, 616 (Mo.App. W.D. 2009). There are two essential elements when a private person attempts to bring a public nuisance action under Missouri law: (1) there must be an "unreasonable interference with common community rights, such as the public health, safety, peace, morals or convenience," Vonder Haar ex rel. Mehochko v. Six Fl*ags*, 261 S.W.3d 680, 687 (Mo. Ct. App. 2008); and (2) there must be "a special injury to [plaintiff] that differs in kind, and not just degree, from the injury to the general public." 44 Plaza, Inc. v. Gray-Pac Land Co., 845 S.W.2d 576, 580 (Mo.App.E.D. 1992).The Missouri Supreme Court has stated that a public nuisance becomes a private tort when an individual shows a particular damage of a kind not shared with the rest of the public . . . the private tort accrues to recompense damage particular to the person and not shared with the general public. City of St. Louis v. Benjamin Moore Co., 226 S.W.3d 110, 116 (Mo. 2007).

Ford argues that to the extent plaintiff alleges a public nuisance, the public nuisance claim should be dismissed because: (a) plaintiff fails to plead any special injury recognized by Missouri courts; (b) plaintiff's alleged special injury necessarily cannot be special because a large part of the community suffers from it as well; (c) recent decisions dismissed public nuisance claims very similar to what is asserted here for failing to adequately allege a "special injury;" and (d)

6

plaintiff has not adequately alleged that a common community right has been interfered with. (Doc. 15, p.4).

### a. Special Injury Under Missouri Law.

Ford argues that Plaintiff offers a quintessential bare-bones allegation of a special injury: "Plaintiff suffered and continues to suffer special harm relating to the use and enjoyment of their land and property, and decreased property values—damages of a different kind that are additional to those suffered by the public at-large." (Doc. 15, p. 4 citing Compl. ¶ 62, 90). Specifically, Ford argues that plaintiff's allegation of special injury is insufficient because the Complaint provides no factual support for it, and because under long-established Missouri law, plaintiff's claims of diminished property value and loss of use and enjoyment are not a special injury under Missouri law, *citing* Christy v. Chicago B & Q R. Co., 240 Mo.App. 632 (1948); John K. Cummings Realty & Inv. Co. v. Deere & Co., 106 S.W. 496, 501 (Mo. 1907); Arcadia Realty Co. v. City of St. Louis, 326 Mo. 273, 280 (1930).

Ford does not dispute that for "one to permit fumes and gases to escape from his premises and be deposited on the premises of another to his injury and damage may constitute an actionable wrong in the maintenance of a nuisance." Kelley v. National Lead Co., 210 S.W.2d 728, 735 (Mo. App. E.D. 1948) (citations omitted). Here, Plaintiff has alleged such a circumstance and harm to himself and his property based upon his proximity to the nuisance. *See* Kelly v. Boys' Club of St. Louis, Inc., 588 S.W.2d 254, 257, (Mo. App. E.D. 1979) (special injury to themselves and their property alleged based on proximity to the nuisance).

7

Contrary to Ford's argument, the Complaint includes specific allegations of harm from 15 individuals, in addition to Plaintiff Thornburg (Doc. 1,Compl. [¶¶54(a–i), 55(a)(i) –(vi)]. These factual allegations include a wide range of alleged interferences: being forced indoors, being unable to "sit outside in our backyard," being unable to walk dogs in the area, being unable to do yard work, invite guests over, "enjoy my patio," barbecue, play sports with kids, drive, or sit on the front porch. (Id). The complaint further alleges that members of the public, including businesses, employees, commuters, tourists, visitors, minors, customers, clients, students, and patients, have experienced, and been harmed by the fugitive noxious odors emitted from Defendant's Plant. Plaintiff alleges a distinction between the public and the purported class of nearby homeowners by stating: the members of the public who are outside the Class Definition have not suffered damages of the same kind, in the form of diminished property values and loss of use and enjoyment of their private property. [Compl. ¶62].

Ford overstates the holdings in Christy, John K. Cummings, and Arcadia by asserting that these cases hold that allegations of a decrease in property value by a private individual do not meet the special injury requirement for a public nuisance. (Doc. 15, p.6). Although these cases held there was no special injury, the cases were nuisance cases based on access to land and were also limited to the facts before it. Christy 212 S.W.2d at 479-480 (Mo. 1948) (recognizing there may be a special injury but "such are not the facts in the case at bar."). For example, the Missouri Court of Appeals affirmed judgment for the defendant in Christy, a case alleging a public nuisance on behalf of two private

8

individuals related to damages allegedly caused to their property because of the change of the grade of a street. The plaintiffs based their claims of special injury justifying a public nuisance on their allegation that their property had "greatly depreciated in value" and that they suffered "great inconveniences." *Id.* at 636. However, "plaintiffs' property [did] not abut upon the part of the street obstructed." The Court acknowledged: "[t]here may be other instances where property does not abut upon the obstructed part of the street, yet, the obstruction might deprive the property owner of reasonable access to it." *Accord* John K. Cummings Realty & Inv. Co. v. Deere & Co., 106 S.W. 496, 501 (Mo. 1907) (no special injury from vacation of streets when property owner does not abut on vacated portion and when property owner does not lose reasonable access to general system of streets); Arcadia Realty Co*,* 326 Mo. at 373 ("In order for a property owner to sustain an injury special or peculiar to him on account of the vacation of a street, his property or some part of it must abut on the vacated portion, or else the vacation must deprive him of reasonable access to the general system of streets.")

It should be observed that Missouri courts have allowed plaintiffs to recover for the loss and use of enjoyment of one's land or property. In fact, the allegations here are similar to those in Owens v. ContiGroup Cos., 344 S.W.3d 717, 722-723 (Mo. App. W.D. 2011). In that case, a class of property owners alleged that odors emanating from a large-scale hog farm operation interfered with the use and enjoyment of their property. Although Owens did not involve a separate claim for diminution of property values, the Western District Court of

9

Appeals affirmed a jury verdict because the temporary nuisance was detrimental to the use and enjoyment of plaintiff's property.[2] Furthermore, even though it is true <u>Owens</u> only considered the claim of fifteen nearby landowners, the Court did not place a limit as to special injury and damages are available on a more general basis. For example, the "measure of damages for a temporary nuisance is the decrease in the property's rental value during the duration of the nuisance and incidents of damage, including, for example, loss of comfort and health." *Id.* at 722 (citing <u>Peters v. ContiGroup</u>, 292 S.W.3d 380, 385 (Mo. App. W.D. 2009)). "Compensatory damages can also be granted for inconvenience and discomfort caused by the nuisance." *Id.* (citing <u>Brown v. Cedar Creek Rod & Gun Club</u>, 298 S.W.3d 14, 21 (Mo. App. W.D. 2009)). The Missouri Supreme Court long ago held that interference with "the full use and enjoyment of" property constitutes a special harm for purposes of public nuisance claims. <u>Givens v. Van Studdiford</u>, 86 Mo. 149, 158 (Mo. 1885). Thus, plaintiff has alleged special injury under Missouri law.

**b. The Alleged "Special Injury" Necessarily Cannot Be Special Because A Large Part Of The Community Allegedly Suffers From It As Well.**

---

[2] In 2011, the Missouri legislature enacted an agricultural nuisance statute, Mo. Rev. Stat. 537.296 which eliminated recovery of non-economic damages for items such as loss of use and enjoyment, inconvenience, or discomfort caused by a nuisance related to certain agricultural operations. In upholding the constitutionality of that statute, the Court noted that the statute "supplants the common law of private nuisance in actions in which the alleged nuisance emanates from property primarily used for crop or animal production purposes" and "unlike a common law private nuisance action," precludes recovery of non-economic damages for items such as loss of use and enjoyment, inconvenience as related to certain agricultural entities. <u>LaBrayere v. Bohr Farms, LLC</u>, 458 S.W.3d 319, 326 & n. 3 (2015).

As stated, Missouri courts have held that to constitute a public nuisance, the conduct at issue must interfere with "the rights or property of the whole community, or neighborhood, or of any considerable number of persons." City of Greenwood, 299 S.W.3d at 616. A private individual "may pursue an action in nuisance even as to a public nuisance if he suffers a special injury not common to the public generally." Kelly v. Boys' Club of St. Louis, Inc., 588 S.W.2d 254, 256-57 (Mo. App. 1979).

Plaintiff alleges in his Complaint that the putative class that has allegedly suffered a "special injury" distinct from the "public" consists of "over 6,000" households and comprises over twelve square miles." Ford states there is substantial authority that an injury cannot be special "where there are a large number of plaintiffs, the harm those plaintiffs suffered is not special."

In support, Ford cites a number of cases as authority for this proposition: In re One Meridian Plaza Fire Litig., 820 F. Supp. 1460, 1481 (E.D. Pa. 1993), *rev'd on other grounds*, Fed. Ins. Co. v. Richard I. Rubin & Co., Inc., 12 F.3d 1270 (3d Cir. 1996) (dismissing nuisance based on damage from a fire, "where there are a large number of plaintiffs, the harm those plaintiffs suffered is not special"); Baptiste v. Bethlehem Landfill Co., 365 F.Supp.3d. 544, 549 (E.D. Pa. 2019) (dismissing a class action alleging a nuisance based on odors, concluding that "where there are a large number of plaintiffs, the harm those plaintiffs suffered is not special"); Baker v. St. Gobain Performance Plastics Corp., 232 F. Supp.3d 233, 236 (N.D.N.Y. 2017) (dismissing public nuisance claim for contaminated ground water from public well as "the kind of harm suffered is

11

common among the thousands of residents connected to the municipal water supply"); Brantley v Int'l Paper Co., 2009 WL 2601390, at *2-3 (M.D. Al.)(dismissing public nuisance claim related to release of odors); D'Amico v. Waste Management of NY, LLC, 2019 WL 1332575 (W.D.N.Y); Huratiak v. Waste Mgmt. Of Pa., No. C-48-CV-2019-0978 (Ct. Common Pleas, Northampton Cty. June 19, 2020) (unpublished and attached as Doc. 15-4); Barker v. Naik, 2018 WL 3824376, at *1 (S.D.W.Va.) (Doc. 15, p. 7-9) (Doc. 22, p. 5-6).

Ford emphasizes: "Plaintiff's suggestion that everyone who lives in a twelve-plus square mile area, comprised of at least 6,000 households, should be able to move forward with a public nuisance claim because they suffered a "special" injury different than the rest of the community or "public" threatens to do away with the 'special injury' requirement altogether." (Doc. 15, p.9).

After Ford filed its motion to dismiss, the Third Circuit reversed the district court's ruling in Baptiste v. Bethlehem Landfill Co., 965 F.3d 214 (3d Cir. 2020). Ford relied on the district court's ruling to support its argument that when "there are a large number of plaintiffs, the harm those plaintiffs suffered is not special." In Baptiste, plaintiffs brought a class action alleging private and public nuisance based on odors from a nearby landfill. Plaintiffs alleged a special injury because all class members had suffered decreased property values. 365 F. Supp. 3d at 546-47. Plaintiff also alleged other injuries like those alleged here such as being unable to use their backyard pools, sit outside, use their porches and yards. Id.

The district court dismissed the complaint, including the public nuisance claim, concluding, "Plaintiffs fail to allege a private action for this public nuisance

because they do not show how their injury is over and above the injury suffered by [the] public generally." *Id.* at 549. The district court noted that the plaintiffs' claim "would necessarily require that thousands of other households also have a special harm" and that plaintiffs have failed to demonstrate "how [they] are uniquely harmed by Defendant' landfill over and above the general public." *Id.* The plaintiffs' allegation of decreased property values was not enough for them to avoid dismissal. Id.

The Third Circuit reversed the district court ruling in Baptiste, ruling that plaintiffs have properly pled a private claim for nuisance. Baptiste v. Bethlehem Landfill Co., 965 F.3d 214 (3d. Cir. 2020). In so doing, it also distinguished several of the other cases relied on by Ford. The Third Circuit expressly held that the plaintiffs did in fact state valid claims for public nuisance, private nuisance, and negligence and remanded the action to the district court for further proceedings on both counts of nuisance and negligence. The Third Circuit rejected the identical argument made here that there was no special injury:

> While everyone in the community—including visitors, commuters and residents alike—may suffer from the discomfort of having to breathe polluted air in public spaces, the Baptistes have identified cumulative harms that are unique to them and their fellow residents as homeowner-occupants or renters, such as the inability to use and enjoy *their* swimming pools, porches, and yards. The complaint specifically alleges that the presence of these odors is "especially injurious" to class members "as compared with the public at large, given the impacts to their homes." These injuries are above and beyond any injury to the public because they involve private property damages that the public at large has not endured.

13

Case 4:19-cv-01025-HFS   Document 24   Filed 03/31/21   Page 13 of 20

Furthermore, the Third Circuit rejected the argument that there cannot be "special damage" when there are a large number of plaintiffs alleging the same injury:

> The District Court incorrectly conflated the putative class with the general public. These two groups are not conterminous. The Baptistes have asserted their claims specifically on behalf of a class of homeowner-occupants and renters, not the community at large. Rather than compare the injuries suffered by the Baptistes with the same injuries suffered by similarly situated class members, the District Court should have compared the injuries suffered by putative class members as homeowner-occupants and renters with the harm shared by all community members including nonresidents such as visitors and commuters. As explained above, that comparison reveals that the Baptistes have alleged additional invasions of their private property rights resulting from the interference with the common right to clean air.

After a thorough analysis of nuisance law, the Third Circuit held that the district court erred by concluding that real property damages (such as those alleged here) become "generalized" or "not special" if a large number of plaintiffs suffer the same injury. The court further also pointed out that the district court's reliance on One Meridian (a case relied on by Ford) was misplaced, stating that although the One Meridian court speculated that allowing too many plaintiffs into the class might "generalize the harm," it did not impose a numerical limitation on the size of the class. Id. at 1482. Rather, it defined the class by the nature and degree of the harm suffered, that is, "lost profits" that were "reasonabl[y] certain" or "lack of access" that was "substantial." Id.

The other cases relied on by Ford are further distinguishable and not necessarily reflective of Missouri law. For example, in D'Amico v. Waste Management of New York, 2019 WL 1332575 (W.D.N.Y.) the public nuisance

14

claim was dismissed **without** prejudice because plaintiff: "did not once specifically allege that Defendant's operation of the Landfill has interfered with a right held in common by the public." 2019 WL 1332575, at * 3. See also Brantley, 2009 WL 2601390, at * 3 (granting motion to dismiss but permitting plaintiffs opportunity to amend their complaint to identify special damage); Barker, 2018 WL 3824376, at * 3 (concluding that injuries of the plaintiffs were not different from the injuries of the other property owners near a warehouse fire).

Although the Third Circuit applied Pennsylvania, not Missouri law, this court finds the analysis of the Third Circuit persuasive.[3] Ford has not pointed out significant difference between Pennsylvania and Missouri nuisance law. As recognized in One Meridian, an argument exists that too many plaintiffs may "generalize the harm.[4]" However, there has been no imposition of a numerical limit in Missouri and no controlling authority for concluding that real property damages become "not special" if a large number of plaintiff's suffer the same injury. The District Court of New Jersey reached a similar conclusion in two recent cases, Sines v. Darling Ingredients, 2020 WL 5015488 (D.N.J) (denying motion to dismiss public nuisance and private nuisance claim based on alleged emissions of noxious odors onto Plaintiffs' and putative class members

---

[3] Plaintiff also provides a string cite of cases which it contends have "routinely rejected motions to dismiss or strike the pleadings in noxious odor air pollution cases. (Doc. 18, p. 2-3).

[4] The question of whether plaintiff may establish that their injuries are special may well be a significant question at the motion for class certification stage, but this is a different inquiry that that presented in this motion to dismiss. See Keech v. Sanimax USA LLC, 2019 WL 79005 (D. Minn.) (considering class certification motion of nuisance claim under Minnesota law).

15

properties); Severa v. Solvay Specialty Polymers USA, LLC, 2021 WL 912850 (D.N.J.) (denying motion to dismiss public and private nuisance claims based on alleged contamination of municipal water supply).

### c. Common Community Right

Ford also argues that plaintiff's allegations based on public nuisance should be dismissed because plaintiff also failed to sufficiently plead that a common community right has been interfered with such as health, safety, peace, or convenience. 44 Plaza Inc., 845 S.W.2d at 580. Defendant admits, however, that plaintiffs have pled that Defendant has "substantially interfered with the right to uncontaminated and/or unpolluted air." (Doc. 15, p. 13). Viewing the allegations in the light most favorable to plaintiff, the complaint contains sufficient allegations that the right to uncontaminated and unpolluted air has been interfered with. (Doc. 1). See Kelly, 210 S.W.2d at 735 ("It is well recognized that for one to permit fumes and gases to escape from his premises and be deposited on the premises of another to his injury and damage may constitute an actionable wrong in the maintenance of a nuisance.").

### III. Private Nuisance

#### 1. Significant Harm.

Private Nuisance is "the unreasonable, unusual, or unnatural use of one's property so that it substantially impairs the right of another to peacefully enjoy his property." Frank v. Environmental Sanitation Mgmt. Inc., 687 S.W.2d 876, 880 (Mo. 1985). "The focus of a private nuisance claims is on defendant's unreasonable interference with the use and enjoyment of plaintiff's land. In Re.

Genetically Modified Rice Litig., 666 F.Supp.2d 1004, 1019 (E.D. Mo. 2009). Ford argues that plaintiff does not allege that he has suffered a significant harm, as required by Missouri law. Sofka v. Thal, 662 S.W.2d 502, 508 (Mo. 1983). Ford contends that plaintiff has only alleged that the nuisance is "annoying and inconvenient" and this is insufficient to support a private nuisance action under Missouri law. Id.

Viewing the complaint in the light most favorable to plaintiff, the complaint includes allegations more significant than inconvenience and annoyance. For example, affidavits include statements describing: "a strong paint type smell can often be smelled outside our home. It smells like an open paint can is under my nose." [¶54(c)]. Putative class member Melissa Crispin stated that when the fumes are strong, she can't go outside, open her windows, and the smell can make you nauseous and "a little high" and she suffers from headaches." [¶54(d)]. Putative class member Malinda Gardner reported a smell that reminds her "of paint and [rotten] bananas mixed together." [¶54(f)]. She stated that "[w]e stay inside most of the time due to the smell. Can't even open our windows. The smell gives me headaches & makes me nauseous." [¶54(f)]. Such factual allegations are more than plausible factual allegations that Defendant's activities substantially and unreasonably interfered with Plaintiff's use and enjoyment of his private property. Accord Beck v. Stony Hollow Landfill, Inc., 2017 WL 1551216, at *4-5 (S.D. Ohio)(allegations describing powerful, negative effect on sense of smell sufficient). Based on the foregoing, the Court denies Ford's motion to dismiss Plaintiff's nuisance claim.

### III. Negligence and Gross Negligence (Count II).

Ford also argues that Plaintiff fails to sufficiently allege a claim for negligence. First, Ford argues that to the extent the claim is for gross negligence that claim should be dismissed because Missouri does not recognize gross negligence. Second, Ford asserts that the allegations are insufficient to support a claim for ordinary negligence.

Ford argues that to the extent the claim is for gross negligence, that claim should be dismissed because it is the law of Missouri that "an act cannot be both negligent and willfully done, at one and the same time, and to so charge in a complaint creates a *felo de se* in pleading which destroys a claim so made therein." Harzfeld's, Inc. v. Otis Elevator Co., 114 F. Supp. 480, 486 (W.D. Mo. 1953). Moreover, the Supreme Court of Missouri has specifically ruled that "[o]f course, Missouri does not recognize gross negligence." Southers v. City of Farmington, 263 S.W.3d 603, 610 n.8 (Mo. 2008). Missouri courts, "do not recognize degrees of negligence and therefore do not distinguish between negligence and gross negligence." Duncan v. Missouri Board for Architects, Professional Engineers & Land Surveyors, 744 S.W.2d 524, 532 (Mo.App.1988). Plaintiff does not refute this statement of Missouri law. Thus, to the extent Count II asserts a claim based on Gross Negligence, plaintiff is precluded from asserting a claim based on gross negligence. See also Netherlands Ins. Co. v. Cellar Advisors, LLC, 2019 WL 296536, at * 5 (E.D. Mo.) (applying Missouri law

18

and dismissing claim based on gross negligence). Because Count II asserts both negligence and gross negligence, the count will be interpreted as a negligence claim.

To state a claim for negligence under Missouri law, plaintiff must allege that the defendant had a duty of care to protect plaintiff from injury, defendant failed in performing that duty, and defendant's failure proximately caused harm to plaintiff. Maritz Holdings Inc. v. Cognizant Tech. Sols. U.S. Corp., 2019 WL 6910051, at * 5 (E. D. Mo.).

Plaintiff's Complaint includes allegations regarding Ford's specific operational duties and failures, including allegations relating to its duties and failures with respect to its "exhaust emission stacks," "Paint Shop[] spray booths and curing ovens," "VOC emission processing systems," "emission capture and add-on control systems" and "systems for processing wastewater and paint sludge." [¶¶48, 49]. The Complaint also states that, unlike many of its competitors, Ford exclusively utilizes solvent-based paints, which contain substantially higher levels of VOCs than other reasonably available alternatives, which would substantially reduce odor and vapor emissions into the surrounding residential community. [¶¶28-29, 40-41]. Plaintiff also specifies dates when Ford received specific administrative complaints from neighboring residents, [¶54(a)] and further complaints with dates to the Missouri Department of Natural Resources. [¶55(a)(i)-(vi)]. Plaintiff and putative class members included specific information about odors coming from Defendant's facility, including testimonials regarding how those odors interfered with their ordinary use of their private,

residential properties. [¶51-54].[5] The complaint as alleged provides sufficient allegations to support a negligence claim. Very similar allegations recently survived a motion to dismiss in Sines v. Darling Ingredients, 2020 WL 5015488 (D.N.J. 2020).

Accordingly, for the reasons stated above, Defendant's Motion to Dismiss Plaintiff's Complaint is Granted in part and Dismissed in part. Claims in Count II related to gross negligence are DISMISSED without prejudice to the allegations of negligence. In all other respects, Defendant's Motion to Dismiss is DENIED.

       s/ Howard F. Sachs
       HOWARD F. SACHS
       UNITED STATES DISTRICT JUDGE

March 31, 2021
Kansas City, Missouri

---

[5] Ford's citations in support are distinguishable as the allegations are not similar. See, e.g., Ford v. Chillicothe Paper, Inc., No. 2:15-cv-2464 (S.D. Ohio Jan. 15, 2016) (complaint devoid of factual allegations aside from a conclusory statement that the defendant was negligent) (attached as Doc. 15-5).